# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH 03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

February 08, 2017

**FILE COPY**

Case Name: **Jane Whippie, et al v Randy Loubier, LLC, et al**
Case Number: **216-2015-CV-00630**

You are hereby notified that on February 7, 2017, the following order was entered:

RE: DALEY OUTDOOR SERVICE, LLC'S AND CP MANAGEMENT'S MOTIONS TO DISMISS:

See Order attached. (Kissinger, J)

W. Michael Scanlon
Clerk of Court

(849)

C: Thomas E. Craig, ESQ; Randy Loubier, LLC; Wilfred J. Desmarais, JR; Laurence W. Getman, ESQ

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                         SUPERIOR COURT
NORTHERN DISTRICT

Jane and John Whippie

v.

Randy Loubier, LLC, Daley Outdoor Services, LLC, Pine Tree Place Condominium Association and CP Management.

Docket No: 216-2015-CV-00630

### ORDER

Plaintiffs, Jane and John Whippie, have brought this action against the above-named defendants for injuries sustained by Mrs. Whippie during an alleged slip-and-fall accident in Pine Tree Condominium Association's ("Pine Tree") parking lot. Currently pending before the Court are Daley Outdoor Service, LLC's ("Daley") and CP Management's ("CP") motions to dismiss, in which the parties respectively argue that they owed no legal duty to Mrs. Whippie under the facts alleged.[1] Plaintiffs object. The Court held a hearing on January 31, 2017, at which it heard arguments from both parties. After consideration of the parties' arguments and pleadings and the applicable law, the Court GRANTS Daley's motion, but DENIES CP's motion.

---

[1] As a preliminary matter, to the extent plaintiffs seek to maintain a private cause of action against Daley and CP for a "statutory violation" of RSA chapter 155-A (The New Hampshire Building Code) ("Count II"), both Daley's and CP's motions to dismiss are GRANTED as to such. Not only does RSA 155-A not provide for a private cause of action, but, as CP points out, the cited code—the 2006 International Property Maintenance Code—has not been adopted by New Hampshire. See RSA 155-A:1(IV). Accordingly, the Court limits the following analysis to plaintiffs' remaining claims against defendants for negligence (Count I) and loss of consortium (Count III).

## Background

The following relevant facts are taken from plaintiffs' complaint and documents sufficiently referred to therein or those attached to the parties' pleadings the authenticity of which is not disputed. See Beane v. Dana S. Beane & Co., 160 N.H. 708, 711 (2010) (internal citations and ellipses omitted); see also Kukesh v. Mutrie, 168 N.H. 76, 81 (2015).

Pine Tree owns an office condominium complex located at 360 Route 101, Bedford, New Hampshire (the "property"), which CP manages on its behalf pursuant to a property management services contract. (See Pls.' Mot. to Add Defs. ¶¶ 1–3; CP's Mot. to Dismiss Ex. B.) On January 20, 2015, Mrs. Whippie slipped and fell on an untreated accumulation of ice located in the property's parking lot. (Pls.' Compl. ¶¶ 5–6.) As a result, Mrs. Whippie sustained severe, painful, and permanent injuries, thereby causing Mr. Whippie to experience loss of her consortium. (Id. ¶¶ 7–11, 15–17.)

Over the course of the day before the accident, January 19, 2015, the temperature rose above, before falling back to, 32 degrees Fahrenheit, causing snow to melt and refreeze in the parking lot. (See Pls.' Reply of Jan. 17, 2017, Ex. 1, 3.) Accordingly, Daley—whom Pine Tree had contracted with to provide snow plowing and other winter weather related services at the property, (see Pls.' Compl. ¶ 3; CP's Mot. to Dismiss Ex. A)—"spot" treated the property on both January 19 and 20. (Daley Dep. 28:2–8, July 18, 2016.)

Plaintiffs subsequently brought the instant action, alleging each of the named defendants owed Mrs. Whippie a duty "to properly maintain the [property], to take all necessary and reasonable steps to keep the said [property] safe . . . [and] to keep [it]

free of debris and/or ice," which defendants breached by failing to abate or remove the accumulation of ice she slipped upon. (See Pls.' Compl. ¶¶ 4–8). As indicated above, Daley and CP now move to dismiss, arguing that while they may have owed certain contractual duties to Pine Tree, they owed no legal duty to Mrs. Whippie.

## Standard of Review

In ruling on a motion to dismiss, the Court must determine "whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery." Harrington v. Brooks Drugs, 148 N.H. 101, 104 (2002) (quotations omitted). The Court must analyze the facts contained on the face of the writ to determine whether a cause of action has been asserted. Williams v. O'Brien, 140 N.H. 595, 597 (1995). "If the facts do not constitute a basis for legal relief, [the Court will grant] the motion to dismiss." Graves v. Estabrook, 149 N.H. 202, 203 (2003). In rendering such a determination, the Court must "assume the truth of the facts alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to him." Harrington, 148 N.H. at 104 (quotations omitted). The Court need not accept as true, however, statements in the writ "which are merely conclusions of law." Karch v. BayBank FSB, 147 N.H. 525, 529 (2002) (quotations omitted).

Although the Court generally confines its review at this stage to the allegations set forth in a plaintiff's complaint, it nevertheless "may also consider documents attached to the plaintiff's pleadings or documents the authenticity of which are not disputed by the parties, official public records[,] or documents sufficiently referred to in the complaint." Beane, 160 N.H. at 711 (citations and ellipses omitted).

## Analysis

"In order to establish [a defendant's] negligence, the plaintiffs [have] the burden of proving that the defendant owed the plaintiffs a duty, that the duty was breached, that the plaintiffs suffered an injury, and that the defendant's breach was the proximate cause of the injury." Laramie v. Sears, Roebuck & Co., 142 N.H. 653, 655 (1998) (citation and brackets omitted). "Absent the existence of a duty, a defendant cannot be liable for negligence." Carignan v. N.H. Int'l Speedway, 151 N.H. 409, 412 (2004). "A duty generally arises out of a relationship between the parties." Sisson v. Jankowski, 148 N.H. 503, 505 (2002). "While a contract may supply the relationship, ordinarily the scope of the duty is limited to those in privity of contract with one another." Id. "Whether a duty exists in a particular case is a question of law." Williams, 140 N.H. at 599.

### I. Daley's Motion To Dismiss

In support of its position that it owed no duty to Mrs. Whippie under the facts alleged, Daley cites to a number of recent decisions issued by this Court, as well as other Superior Courts,[2] in which it was found that a snowplow contractor who performs winter maintenance services under an agreement substantially similar to the one between Pine Tree and Daley: (1) owes no common law duty to third parties such as

---

[2] See, e.g., McEneny v. Brady Sullivan Properties, et al., Hillsborough Cty. Super. Ct. N. Dist., No. 216-2016-CV-00113 (Nov. 8, 2016) (Order, Brown, J.); Powell v. Cameron Real Estate, Inc., et al., Hillsborough Cty. Super. Ct. N. Dist., No. 216-2016-CV-00074 (October 3, 2016) (Order, Abramson, J.); Davey v. Great N. Prop. Mgmt., Inc., Rockingham Cty. Super. Ct., No. 218-2015-CV-01038 (Jan. 27, 2016) (Order, Delker, J.); Wallace v. Eastgate Apartment Assocs., LLC, et al., Hillsborough County Super. Ct. N. Dist., No. 216-2015-CV-00285 (Nov. 30, 2015) (Order, Nicolosi, J.); Lavoie v. Bank of Am. Nat'l Ass'n, et al., Rockingham Cty. Super. Ct., No. 218-2012-CV-00947 (Order, Delker, J.); see also Wood v. Springwise Facility Management, Inc. et al., Strafford Cty. Super. Ct., No. 216-2016-CV-00034 (Sept. 13, 2016) (Order, Howard, J.); Anderson v. Demoulas Supermarkets, et al., Cheshire Cty. Super. Ct., No. 04-C-0050, 05-C-0008 (July 1, 2005) (Order, Arnold, J.). But see Wright v. Brady Sullivan Props., et al., Hillsborough Cty. Super. Ct. N. Dist., No. 216-2015-CV-00057, (Order, Ruoff, J.); Reil v. JGE Enterprises, Inc., et al., Hillsborough Cty. Super. Ct. N. Dist., No. 216-2013-CV-00114 (June 7, 2013) (Order, Brown, J.)

Mrs. Whippie to maintain the properties it intermittently services in a safe condition, as requiring non-possessors of land "to fully protect against hazards created by snow and ice [is] simply impracticable," Davis v. R C & Sons Paving, Inc., 26 A.3d 787, 792–93 (Me. 2011); and (2) has not voluntarily assumed a duty of care with respect to the same, unless it "completely assumes" the duty under the terms of the agreement, see Restatement (Second) of Torts § 324A(b) (1965).[3] The Court finds the reasoning of these cases persuasive and adopts it herein.

Applying the foregoing, as a snowplow contractor obligated to provide winter maintenance services at the property only in specifically delineated circumstances, the Court finds plaintiffs' allegation that Daley owed Mrs. Whippie a common law duty to maintain the premises in a safe condition is without merit. It is the land owner or operator who owes this duty to entrants such as Mrs. Whippie. Valenti v. NET Properties Mgmt., Inc., 142 N.H. 633, 636 (1998) (noting that it is the owner or operator of a business premises, not the contractor hired to provide limited property maintenance services, who has control of the premises and is, therefore, "in the best position to protect against the risk of personal injury on their premises").

Moreover, upon review of the agreement between the parties, it is evident that Daley did not "completely assume" Pine Tree's duty to maintain its parking lot in a safe

---

[3] Section 324A(b) of the Restatement (Second) of Torts reads:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if . . . (b) he has undertaken to perform a duty owed by the other to the third person.

Mrs. Whippie to maintain the properties it intermittently services in a safe condition, as requiring non-possessors of land "to fully protect against hazards created by snow and ice [is] simply impracticable," Davis v. R C & Sons Paving, Inc., 26 A.3d 787, 792–93 (Me. 2011); and (2) has not voluntarily assumed a duty of care with respect to the same, unless it "completely assumes" the duty under the terms of the agreement, see Restatement (Second) of Torts § 324A(b) (1965).[3] The Court finds the reasoning of these cases persuasive and adopts it herein.

Applying the foregoing, as a snowplow contractor obligated to provide winter maintenance services at the property only in specifically delineated circumstances, the Court finds plaintiffs' allegation that Daley owed Mrs. Whippie a common law duty to maintain the premises in a safe condition is without merit. It is the land owner or operator who owes this duty to entrants such as Mrs. Whippie. Valenti v. NET Properties Mgmt., Inc., 142 N.H. 633, 636 (1998) (noting that it is the owner or operator of a business premises, not the contractor hired to provide limited property maintenance services, who has control of the premises and is, therefore, "in the best position to protect against the risk of personal injury on their premises").

Moreover, upon review of the agreement between the parties, it is evident that Daley did not "completely assume" Pine Tree's duty to maintain its parking lot in a safe

---

[3] Section 324A(b) of the Restatement (Second) of Torts reads:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if . . . (b) he has undertaken to perform a duty owed by the other to the third person.

Mrs. Whippie to maintain the properties it intermittently services in a safe condition, as requiring non-possessors of land "to fully protect against hazards created by snow and ice [is] simply impracticable," Davis v. R C & Sons Paving, Inc., 26 A.3d 787, 792–93 (Me. 2011); and (2) has not voluntarily assumed a duty of care with respect to the same, unless it "completely assumes" the duty under the terms of the agreement, see Restatement (Second) of Torts § 324A(b) (1965).[3] The Court finds the reasoning of these cases persuasive and adopts it herein.

Applying the foregoing, as a snowplow contractor obligated to provide winter maintenance services at the property only in specifically delineated circumstances, the Court finds plaintiffs' allegation that Daley owed Mrs. Whippie a common law duty to maintain the premises in a safe condition is without merit. It is the land owner or operator who owes this duty to entrants such as Mrs. Whippie. Valenti v. NET Properties Mgmt., Inc., 142 N.H. 633, 636 (1998) (noting that it is the owner or operator of a business premises, not the contractor hired to provide limited property maintenance services, who has control of the premises and is, therefore, "in the best position to protect against the risk of personal injury on their premises").

Moreover, upon review of the agreement between the parties, it is evident that Daley did not "completely assume" Pine Tree's duty to maintain its parking lot in a safe

---

[3] Section 324A(b) of the Restatement (Second) of Torts reads:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if . . . (b) he has undertaken to perform a duty owed by the other to the third person.