UNITED STATES DISRICT COURT

DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| Jay Redford | ) | |
|     Plaintiff | ) | |
| v. | ) | Case No. 19-cv-1152-LM |
| United States of America Department of Housing and Urban Development | ) | |
| and | ) | |
| BLM Companies, LLC | ) | |
| and | ) | |
| A-Son's Construction, Inc. | ) | |
| and | ) | |
| Bruce Clark | ) | |
|     Defendants | ) | |

<u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO DEFENDANT, BRUCE CLARK'S MOTION FOR SUMMARY JUDGMENT</u>

NOW COMES the plaintiff, by and through counsel, Thomas Craig PA and, pursuant to F.R.C.P. Rule 56, hereby Objects to defendant, Bruce Clark's Motion for Summary Judgment, and in support thereof says as follows:

STATEMENT OF FACTS

This case involves injuries to Jay Redford as a result of slipping and falling on the cleared pathway on driveway of the defendant, Unites States of America' Department of Housing and Urban Development's premises located at 66 Spruce Road in Bethlehem, New Hampshire.

On March 22, 2017, the plaintiff was lawfully on the property located at 66 Spruce Road in Bethlehem, New Hampshire. Gillian Scrimmer, a potential buyer of the premises located at 66 Spruce Road, had become stuck in snow on the premises' driveway.

1

Ms. Scrimmer had come over to plaintiff's home locate at 54 Spruce Road, to ask him for a shovel so she could free her vehicle that had become stuck in snow on the driveway of the premises at issue.

Plaintiff gave Ms. Scrimmer a shovel and then went over to the premises with a bucket of sand to assist Ms. Scrimmer with her vehicle.

After Ms. Scrimmer's vehicle was freed from the accumulated snow in the driveway, plaintiff was walking down a snow blown path on the side of the driveway when he slipped and fell on ice, severely injuring his right quadriceps tendon.

Defendant, Unites States of America's Department of Housing and Urban Development contracted with defendant, BLM Companies, LLC, to perform property management duties on the premises at issue during the sale of the premises which including snow and ice removal. BLM Companies, LLC, contracted with defendant, A-Sons Construction, Inc. was the snow removal sub-contractor hired by the defendant BLM Companies, LLC, for the premise at issue. (See paragraph 9 of defendant, BLM Companies, LLC's and A-Sons Construction, Inc.'s Answer to the Amended Complaint, attached as Exhibit A.)

Prior to and at the time of the plaintiff's fall, defendant A-Sons Construction, Inc., had contracted with Bruce Clark to provide snow clearing and treatment services for the premises at issue. (See paragraph 10 Defendant BLM Companies, LLC's, and A-Sons Construction, Inc.'s Answer to the Amended Complaint, attached hereto as Exhibit A.)

## ARGUMENT

The party moving for summary judgment has the burden of showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, and the reviewing court must consider the evidence in the

light most favorable to the party opposing the motion, giving the benefit of all favorable inferences that may be reasonably drawn from the evidence. <u>Concord Group Ins. Co's. v. Sleeper</u>, 135 N.H. 67 (1991).

In New Hampshire a duty arises if a person "could reasonably foresee that their conduct would result in an injury to another or if their conduct was not reasonable in light of the anticipated risks..."  A duty of care is owed to those who are foreseeably endangered by their conduct and with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous. <u>Manchenton v. Auto Leasing Corp.</u>, 135 N.H. 298, 304 (1992).

Owners and occupiers of land shall be governed by the test of reasonable care under all the circumstances in the maintenance and operation of their property:

> "'If the defendant could not reasonably foresee any injury as the result of his act, or if his conduct was reasonable in the light of what he could anticipate, there is no negligence, and no liability."

The duty of defendant, Bruce Clark is the subject matter of the motion for summary judgment.  Bruce Clark argues he did not increase the risk of harm to the plaintiff on the premises. Increasing the risk of harm is not part of the plaintiff's case. Plaintiff's case involves <u>failure to remedy</u> a dangerous condition, not the creation of a dangerous condition.

Mr. Clark also seeks summary judgment on the basis that it has no duty to the plaintiff.  Whether or not a contractor in this situation has a duty to the plaintiff has been the subject matter of various Superior Court decisions going either way.

A-Sons Construction, Inc., retained Bruce Clark to perform snow removal. As part of the contract between A-Sons Construction, Inc., and Mr. Clark, snow removal assignments were sent to Mr. Clark. Regardless of how the defendant characterizes the "arrangement" between himself and A-Sons Constriction, Inc.,

A-Son's Construction, Inc., hired Mr. Clark to perform snow removal and ice treatment on the premises at issue.

Bruce Clark argues in his Motion herein that he "was not contractually obligated to plow, sand or salt on the day plaintiff fell. He argues the unwritten contract between him and A-Sons Construction, Inc., required work to be completed only upon assignment of a work order." This may have been so in practice but it is contrary to the terms of the contract. The contract attached hereto states that snow removal is to be conducted "as needed" not "as directed". Clearly, defendant, A-Sons Construction, Inc., relied on Bruce Clark for snow plowing and ice treatment on the premises at issue.

    A work order was requested on March 13, 2017. The work was to be done on March 15, 2017. The work order indicates the job was completed on March 17, 2017. The work order provides in part that "the property needs to be in show ready condition upon departure." The purpose of the contract was to keep the premises safe. Therefore, it would seem obvious the phrase "snow removal" includes treatment of the underlying ice. Otherwise, the purpose of the contract, to the keep the property safe, would not be fulfilled. The contract is not ambiguous. It includes snow removal and treatment of ice to "all walkways, driveway areas that snow was removed from to combat icing of surfaces." The work order called for snow removal and treatment for ice from all cleared surfaces as needed. (See highlighted copy of work order, attached hereto as Exhibit B).

    Defendant in his Motion herein provided photographs of the work done on the premises on or before the plaintiff's fall on March 22, 2017. The photographs provided by defendant show a significant accumulation of snow on the premises in front of the garage and on the driveway on the premises. (See photographs

4

attached hereto as Exhibit C.) The only portion of the driveway that was cleared to the surface on March 22, 2017, was a snow blown path from the front of the residence to the driveway. On March 22, 2017, this path was frozen over with ice and partially covered with snow. The rest of the driveway was completely covered with snow. (See plaintiff's sworn answer to defendant, BLM Companies, LLC's and A-Sons Construction, Inc.'s Interrogatory #6 attached hereto as Exhibit D.)

While defendant relies on Judge Kissinger's February 2, 2012 Order in the matter of Whippie et al. v. Randy Lubier, LLC et al., Case No. 216-2015-CV-630, Hillsborough County Superior Court, Northern District, it is of no avail to defendant. On the issue of duty of care, Judge Kissinger, at page of 8 of his Order, ruled that the test under Sec. 324(a) of the Restatement (second) of Torts is to determine if the defendant increased the risk of harm under over what it would have been had the defendant not engaged in any undertaking at all. Judge Kissinger held that the duty of care is imposed if the risk is increased over what it would have been had the defendant not engaged in the undertaking at all. (See highlighted copy attached hereto Exhibit E.) (See also Bloom v. Casella Construction, Inc., Supreme Court of New Hampshire, Belknap, Case No. 2018-0425 (October 16, 2019).)

In this case, while Mr. Clark did not remove all the snow to the surface of the driveway, he did clear a narrow path near the side of the driveway all the way down to the driveway's surface. What he failed to do on that pathway was to properly treat that path for ice accumulation. During the period March 20, 2017 through March 22, 2017 the temperature rose above and below freezing, causing the snow near the pathway to thaw and refreeze on the driveway surface. (See highlighted weather

records attached hereto as Exhibit F[1].) By not properly treating the pathway on the side of the driveway for ice accumulation, Bruce Clark increased the risk of risk of harm, causing the plaintiff's injury. (see photocopies of photographs dated March 15, 2017 attached hereto as Exhibit C, and March 23, 2017, attached hereto as Exhibit G.)

In <u>Shepard v. Keskian</u>, Case No. 226-2017-CV- 567, Hillsborough County Superior Court, Southern District (copy attached hereto as Exhibit H). This case was an injury case in which the plaintiff slipped and fell on an icy handicap ramp. An issue in the case was whether the plowing contractor (KGL) was liable to the plaintiff. Judge Colburn, in her May 9, 2017 decision, a copy of which is attached, stated:

> "Depending on how the New Hampshire Supreme Court ultimately decides this issue, it is possible that the plaintiff could maintain a direct negligence action against KGL (the contractor).
>
> Although it *may* be possible for the plaintiff to seek to hold KGL directly liable for its own negligence, which would make KGL a joint tortfeasor, she has not." (Italics theirs.)

In <u>Wright v. Brady Sullivan Properties and Hooksett Paving Co., Inc.</u>, Case No. 216, 2015-CV-57, Hillsborough County Superior Court, Northern District (copy attached as Exhibit I). This case was an injury case in which plaintiff slipped and fell on an icy sidewalk on defendant's premises. An issue in the case was whether the plowing contractor (Hooksett Paving Co., Inc.) was liable. Judge Ruoff, in his June 13, 2016 decision, stated that the plaintiffs had the burden to prove the defendant owed the plaintiffs a duty. Judge Rouff stated at page 5:

> "Under new Hampshire law, independent and general contractors "should be held to a general standard of

---

[1] The NOAA weather records are from the Plymouth Municipal Airport, located in Plymouth, New Hampshire, which is the closest geographical location to the premises at issue located in Bethlehem, New Hampshire.

reasonable care for the protection of third parties who may be <u>foreseeably</u> endangered by the contractor's negligence." <u>Russell v. Arthur Whitcomb, Inc.</u>, 100 N.H. 171, 173 (1956) (Emphasis added). Thus as applied in this case, it would be reasonable to conclude that an ordinary person in Hooksett paving's position "knowing what it knew or should have known" would anticipate that injuries were likely to result from a slip and fall if it neither cured the slippery conditions on the Property's sidewalks, nor ensured an adequate supply of ice melt near the Property's entrances." --- Therefore, "[i]t is not unreasonable, or beyond the scope of foreseeability" to hold Hooksett Paving accountable for plaintiffs' injuries if they were caused by Hooksett Paving's negligent performance of its contract with Brady Sullivan." Judge Ruoff ruled at page 5: "the Court finds that it owed a duty to Mrs. Wright to perform those services adequately. As such, the Court finds plaintiffs have stated a claim upon which relief may be granted."

In <u>Schena v. Brooks Properties I, LLC, et al.</u>, Case No. 218-2015-CV-560, Rockingham County Superior Court (copy attached as Exhibit J). This case was an injury case in which plaintiff slipped and fell in and icy parking lot. At issue in the case was whether the plowing contractor (Brooks Landscape and Design Corp.) was liable to the plaintiff. Judge Wageling, in her July 8, 2016, decision stated at page 6: "Once that role is transferred to an independent contractor, the potential tort liability will be extended to the contractor as well."

In <u>Riel v. JGE Enterprises, Inc.</u>, Case No. 216-2013-CV-114, Hillsborough County Superior Court, Northern District (copy attached as Exhibit K). This case was an injury case in which plaintiff slipped and fell on snow and ice in a parking lot owned by the City of Manchester. At issue in the case was whether the defendant, plowing contractor was liable to the plaintiff. Defendant argued its sole duty was to perform its contractual obligations to the City. It contended that it has no duty to third parties such as the plaintiffs. Judge Brown, in his June 7, 2013 decision, held at page 3:

> "One who voluntarily assumes a duty thereafter has a duty to act with reasonable care." <u>Wallis v. Oxford Management Co.</u>, 137 N.H. 659(1993) (citing Restatement (Second) Torts sec. 323, 324 (1995)). A failure to act with reasonable

care may create liability to third parties. <u>Vandemark v. McDonald's Corp.</u>, 153 H.H. 753, 757 (2006)(adopting Restatement (Second) Torts, sec. 324A (1965): "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking … .")

Here, JGE voluntarily entered into a contractual agreement with the City of Manchester to perform snow removal services during the winter months. The contract contemplated risks of harm, thus confirming the foreseeable use by third parties and the potential for injuries to those third parties. Accordingly, JGE subjected itself to liability to users of the parking lot for physical harm resulting from its failure to exercise reasonable care in keeping the parking lost clear of snow and ice.

The Court finds, therefore, that JGE owed the plaintiff's a duty of reasonable care in maintaining the parking lot. The defendant's motion is DENIED."

Defendant, Bruce Clark states in his Motion herein that he was not asked to return to the premises prior to March 22, 2017. Mr. Clark was sent work order no. 03623655 to return to the premises after the March 13, 2017 work order. (See highlighted portion of Exhibit F, attached hereto.) Photographs taken of the same area on March 23, 2017, ostensibly by the defendant, Bruce Clark, show an appreciable accumulation of snow on the driveway in of the premises at issue. More to the point, there was enough visible snow on the driveway on March 23, 2017 to cause Ms. Scrimmer's vehicle to become stuck in snow on the premises' driveway on March 22, 2017.

Based upon the foregoing, this case is not ripe for summary judgment. Discovery is still continuing. Plaintiff is entitled to take the defendants' depositions and prove his claims of negligence. The depositions have not yet been scheduled. Discovery has just begun and does not close until February 5, 2021.

Lastly while summary judgment can at times be a useful avenue to eliminate baseless claims from costly litigation, trial courts must be wary of its application. While it is

effective in written contract or debt cases, it is less effective in tort cases where there are generally more disputed issues of fact.  Although the statute is designed to reduce unnecessary trial, it is not intended that deserving litigants be cut off from their day in court. Iannelli v. Burger King Corp., 145 N.H. 190, 192 (2000).

## CONCLUSION

Based upon the foregoing there is clearly a genuine issue of material fact regarding (1) defendant's duty of care to the plaint, (2) whether he undertook to render services at the premises at issue, (3) whether defendant's conduct increased the risk of danger on the premises at issue, and (4) whether defendant was responsible for treating ice on the premises at issue.  A genuine issue of fact exists as to whether the plaintiff could also rely on Mr. Clark's contractual duties as well. Summary judgment in favor of the defendant, Bruce Clark is, therefore, inappropriate.

WHEREFORE, plaintiff prays this Court:

A. Deny the defendant, Bruce Clark's Motion for Summary Judgment.

B. For such further relief as may be just and necessary.


                                    Respectfully submitted,

                                    /S/ James E. Fiest
                                    James E. Fiest, Esquire
                                    NH Bar ID: 10230
                                    Thomas Craig, PA
                                    99 Stark Street
                                    Manchester, NH 03106
                                    (603) 622-1900

                                    Counsel for the Plaintiff

Dated: June 2, 2020

9

CERTIFICATION OF SERVICE

I hereby certify that the forgoing pleading has been served electronically by ECF upon Christopher J. Poulin, Esquire, Michael T. McCormack, Esquire, Lawrence B. Gormley, Esquire, and Clara E. Lyons, Esquire, counsel of record.

DATE: June 2, 2020                    By: /S/ James E. Fiest
                                          James E. Fiest, Esquire
                                          NH Bar ID: 10230