THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS,
SOUTHERN DISTRICT

SUPERIOR COURT
No. 2016-CV-00567

Sandra Shepard

v.

Stephen Keskinen d/b/a Stephen Marx Hair Salon

### ORDER ON PLAINTIFF'S MOTION IN LIMINE

The plaintiff, Sanda Shepard, filed this action against the defendant, Stephen Keskinen d/b/a Stephen Marx Hair Salon, seeking damages related to a slip and fall. The defendant seeks to apportion fault to a non-party in the case, KGL Landscape Construction, LLC ("KGL"), pursuant to DeBenedetto v. CLD Consulting Eng'rs, Inc., 153 N.H. 793 (2006). The plaintiff has since filed a motion in limine in which she requests the Court to strike the DeBenedetto disclosure. The defendant objects. For the reasons set forth herein, the Court finds and rules as follows.

The Court briefly recites the relevant facts. The plaintiff is an independent hair stylist. She rented a booth at the defendant's hair salon in Milford. On April 8, 2015, the plaintiff left the salon after she finished working. As she exited the building, she slipped on ice that had accumulated on a handicapped ramp and suffered injuries. The plaintiff has since brought this negligence action against the defendant, who is the owner of the premises. The plaintiff alleges that the defendant owed her a duty to maintain the premises in a reasonable manner, and breached that duty by failing to clear the ramp of ice.

On February 24, 2017, the defendant filed a DeBenedetto disclosure, in which he asserted that "there was a snow plow contract in effect between KGL[ ] and the

[d]efendant." (Def.'s DeBenedetto Disclosure at 1.) The defendant maintains that, pursuant to the contract, KGL was "responsible for snow and ice removal [on] the ramp, walkways, and [the] parking lot" at the salon. (Id.) As such, the defendant "intends to request that the trier-of-fact in this matter apportion liability to KGL [ ] for causing or contributing to the incident alleged in the [ ] complaint." (Id.)

The plaintiff now moves to strike the disclosure, asserting that "KGL's liability is irrelevant under existing case law." (Pl.'s Mot. Limine at 1.) Specifically, the plaintiff argues that, pursuant to Valenti v. NET Props. Mgmt., 142 N.H. 633 (1998), the defendant owed her a non-delegable duty, and therefore "the only party that can be liable is the property owner, Stephen Keskinen." (Pl.'s Mot. Limine ¶¶ 14, 15.) In response, the defendant claims that, pursuant to Valenti, "KGL is immune to liability," and the case law permits a jury to apportion fault to an immune party. (Id.)

In the Court's view, neither party has interpreted Valenti correctly. Valenti stands for the proposition that "one who holds his premises open to the public for business purposes" has a non-delegable duty to maintain the premises in a reasonable manner. 142 N.H. at 635. Therefore, even if the premises owner hires an independent contractor to maintain the property, the premises owner remains liable for any negligence flowing from the failure to maintain the premises. Id. Valenti, however, does not in any way indicate that the independent contractor is immune from liability, nor does it suggest that the injured party would be prohibited from bringing a negligence action directly against the independent contractor. The New Hampshire Supreme Court, in fact, has never addressed to what extent, if any, a snow plowing contractor, such as KGL, owes a duty to third parties who may be foreseeably endangered by its

failure to exercise reasonable care in performing its contractual duties. Indeed, there is a significant split on this issue among New Hampshire Superior Courts[1] as well as other state supreme courts.[2] Therefore, both parties in this case misread <u>Valenti</u> as holding that KGL is immune and/or not directly liable. Depending on how the New Hampshire Supreme Court ultimately decides this issue, it is possible that the plaintiff could maintain a direct negligence action against KGL.

Although it *may* be possible for the plaintiff to seek to hold KGL directly liable for its own negligence, which would make KGL a joint tortfeasor, she has not. The Court does not find that KGL is a proper <u>DeBenedetto</u> party in this premises liability case. <u>DeBenedetto</u> and the relevant statutory scheme apply when there are multiple tortfeasors and the Court must determine the proper way to apportion damages amongst them. However, in this case, the apportionment of fault is largely immaterial due to the court's holding in <u>Valenti</u>. For instance, if the jury finds KGL to be 100% at

---

[1] Compare, e.g., <u>Wright v. Brady Sullivan Props.</u>, Hills. Cnty. Super. Ct. N. Div., No. 216-2015-CV-00057 (June 13, 2016) (Order, <u>Ruoff</u>, J.) (contractor owed duty); <u>Lyna v. Merrimack Sch. Dist./SAU 26</u>, Hills. Cnty. Super. Ct. S. Div., No. 226-2015-CV-00155 (June 6, 2016) (Order, <u>Colburn</u>, J.) (same); <u>Graham v. Home Depot U.S.A., Inc.</u>, Carroll Cnty. Super. Ct., No. 212-2014-CV-00074 (Apr. 7, 2016) (Order, <u>Temple</u>, J.) (same); <u>Depoy v. Saint's Landscaping & Irrigation, LLC</u>, Hillsborough Cty. Super. Ct. S. Div., 226-2014-CV-00452 (Dec. 3, 2014) (Order, <u>Temple</u>, J.) (same); <u>Ramirez v. Etchstone Props., Inc.</u>, Hillsborough Cnty. Super. Ct. S. Div., No. 226-2012-CV-00595 (Sept. 19, 2013) (Order, <u>Colburn</u>, J.) (same), with <u>Townsend v. Edmar Mgmt., LLC</u>, Rockingham Cnty. Super. Ct, No. 218-2016-CV-00028 (Oct. 14, 2016) (Order, <u>Anderson</u>, J.) (duty owed only if contractor agreed to completely assume premises owner's duty); <u>Pinkham v. Nassar Landscape & Irrigation, Inc.</u>, Rockingham Cnty. Super. Ct., No. 218-2015-CV-00878 (Jul. 18, 2016) (Order, <u>Anderson</u>, J.) (same); <u>Braley v. PR Rests., LLC</u>, Rockingham Cnty. Super. Ct., No. 218-2015-CV-01337 (July 12, 2016) (Order, <u>Wageling</u>, J.) (same); <u>Schena v. Brooks Props., LLC</u>, Rockingham Cnty. Super. Ct., No. 218-2015-CV-00560 (July 7, 2016) (Order, <u>Wageling</u>, J.) (same); <u>Davey v. Great N. Prop. Mgmt., Inc.</u>, Rockingham Cnty. Super. Ct., No. 218-2015-CV-01038 (Jan. 27, 2016) (Order, <u>Delker</u>, J.) (same), with <u>Wood v. Springwise Facility Mgmt., Inc.</u>, Strafford Cnty. Super. Ct., No. 219-2016-CV-00034 (Sept. 23, 2016) (Order, <u>Howard</u>, J.) (no duty).

[2] Compare <u>Gazo v. City of Stamford</u>, 765 A.2d 505, 509 (Conn. 2001) (duty owed); <u>Perry v. Green Mt. Mall</u>, 857 A.2d 793, 795 (Vt. 2004) (duty owed); <u>Urban Servs. Grp., Inc. v. Royal Grp., Inc.</u>, 671 S.E.2d 838, 841 (Ga. App. 2008) (duty owed); <u>Kostidis v. Gen. Cinema Corp. of Ind.</u>, 754 N.E.2d 563, 567–68 (Ind. Ct. App. 2001) (duty owed); <u>Boland v. Rivanna Ptnrs</u>, 69 Va. Cir. 308, 312 (2005) (duty owed) with <u>Davis v. R C & Sons Paving, Inc.</u>, 26 A.3d 787, 789 (Me. 2011) (no duty); <u>Fultz v. Un-Commerce Assocs.</u>, 683 N.W.2d 587, 592 (Mich. 2004) (no duty); <u>Espinal v. Melville Snow Contrs.</u>, 773 N.E.2d 485 (N.Y. 2002) (no duty).

fault, the defendant would *still* be held liable for all of the plaintiff's damages—not under the rules of joint and several liability as discussed in DeBenedetto, but, rather, under the doctrine of vicarious liability as discussed in Valenti. Therefore, it is hard to discern what possible benefit the defendant could gain by apportioning fault to KGL on a jury verdict form in this case. KGL is not a party to this action and there are no claims against it. If anything, it seems that attributing fault to KGL would only prolong the trial, confuse the jury, and require unnecessary litigation as to whether KGL even owed the plaintiff a duty of care in the first instance. For these reasons, the plaintiff's motion in limine is GRANTED.

So ordered.

Date: May 9, 2017

Hon. Jacalyn A. Colburn,
Presiding Justice