IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Jay Redford | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| | \*    CASE NO: 1:19-cv-01152-LM |
| v. | \* |
| | \* |
| United States of America | \* |
| Department of Housing and | \* |
| Urban Development, and | \* |
| BLM Companies, LLC, and | \* |
| Northsight Property, LLC,  and | \* |
| Bruce Clark | \* |
| | \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF REPLY TO OBJECTION
TO MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, Bruce Clark ("Clark"), by and through his counsel, Getman, Schulthess, Steere & Poulin, P.A., and offers the following memorandum in support of reply to the Plaintiff's objection to the motion for summary judgment:

1. In his objection, Plaintiff Jay Redford ("Redford") attempts to style "mere allegations" and "denials" as legitimate factual disputes. *See* RSA 491:8-a, IV. Redford's arguments are unavailing – he has not identified any evidence that could support the conclusion that Clark, a snow plow contractor asked to perform a discrete snow removal service that was completed by March 17, 2017, owed a duty to maintain, monitor, or treat the property where Redford fell five days later.

1

2. Redford begins by asserting that "a duty arises" if Clark "could reasonably foresee that [his] conduct would result in an injury to another or if [his] conduct was not reasonable in light of the anticipated risks." [Plaintiff's Memorandum of Law in Support of his Objection to Defendant, Bruce Clark's Motion for Summary Judgment, p. 3 (hereinafter "Redford Memo."]. In support of his formulation of duty, Redford cites four superior court opinions. [Redford Memo., p. 6 – 8, *citing*, *Shephard v. Keskinen*, Hillsborough County Superior Court, Southern District, No. 2016-cv-00567 (May 9, 2017) (J. Colburn); *Schena v. Brooks Properties I, LLC*, Rockingham County Superior Court, No. 218-2015-cv-00560 (July 8, 2016) (J. Wageling); *Wright v. Brady Sullivan Properties*, Hillsborough County Superior Court, Northern District, No. 216-2015-cv-00057 (June 13, 2016)(J. Ruoff); *Riel v. JGE Enterprises, Inc.*, Hillsborough County Superior Court, Northern District, No. 216-2013-cv-114 (June 7, 2013) (J. Brown). However, these opinions were issued before the New Hampshire Supreme Court decided *Bloom v. Casella Constr., Inc.*, No. 2018-0425, 2019 N.H. LEXIS 214 (Oct. 16, 2019, N.H. Sup. Ct.). As set forth in Clark's motion for summary judgment and accompanying memorandum of law, both of which are fully incorporated herein, in *Bloom*, the Supreme Court held that a snow plow contractor can only owe a duty in tort to third parties under the circumstances set forth in the Restatement (Second) of Torts §324A. *Bloom*, 2019 N.H. LEXIS 214 at *9. The *Bloom* opinion supersedes any contrary authority from the trial courts. Furthermore, as explained at length in the motion for summary judgment, Clark does not owe a duty to Redford under the *Bloom* framework.

3. Redford next asserts that the March 13, 2017 work order issued by Defendant Northsight Property, LLC's ("Northsight") predecessor corporation, A-Son's Construction, Inc. ("A-Son's"), "states that snow removal is to be conducted 'as needed' not 'as directed.'" [Redford Memo., p. 4; *see also* Exhibit B, Motion for Summary Judgment]. Despite Redford's use of quotation marks and claim that the work order "states" the "as needed" vs. "as directed" language, the work order does not include any such language. [*See* Ex. B, Motion for Summary Judgment]. The work order is clear and unambiguous, and there is nothing in it that supports Redford's contention that Clark had an obligation to perform ongoing monitoring or treatment of ice conditions at the property. [*Id.*].

4. Redford also argues that Clark did not perform his duties under the March 13, 2017 work order, claiming that "the photographs provided by defendant show a significant accumulation of snow in the premises in front of the garage and on the driveway on the premises" and that on March 22, 2017, the day of the accident "the only portion of the driveway that was cleared . . . was a snow blown path [that] . . . was frozen over with ice and partially covered with snow. The rest of the driveway was completely covered with snow." [Redford Memo., p. 4-5]. In support of these claims, Redford relies upon 5 photographs produced by Clark. [*See* Exhibit C, Plaintiff's Objection to Motion for Summary Judgment].

5. Redford's reliance on these photographs is misplaced. Pursuant to the March 13, 2017 work order, Clark was obligated to take photographs "before, during, and after" the work at the property. [*See* Ex B, Motion for Summary Judgment]. Accordingly, Clark took 44 photographs before, during, and after

3

performing the work on March 16. Clark uploaded the photographs to A-Son's on March 17 when the work order was marked "completed." [*Id.*; *see also*, Exhibit A, Motion for Summary Judgment, ¶14; Exhibit D, Motion for Summary Judgment]. The photographs upon which Redford bases his contention that Clark failed to complete the job were culled from these 44 photographs. [*Compare* Ex. D, Motion for Summary Judgment, *with* Ex. C, Objection to Motion for Summary Judgment]. However, four of the five photographs relied upon by Redford plainly depict the property before the work began, and/or at the beginning of the work. [Exhibit C, Objection to Motion for Summary Judgment]. Redford ignores the numerous photographs that were taken later in the progression of the work, and after it was completed. [*See* Ex. D, Motion for Summary Judgment, pp. 7, 8, 13, 19-44]. The additional photographs incontrovertibly show that when Clark left the property on March 16, 2017, the driveway was plowed, the walkway was snow-blown, and the front steps were shoveled. They also incontrovertibly show that Clark put down salt. [*Id.*].

6.      Furthermore, even if Redford is truthful when he asserts that the path and driveway were covered with snow and ice when he fell on March 22, 2017, he has not established any link between the condition of the property on that day, and Clark. The photographs, Clark's affidavit, and the completed work order establish that Clark performed his work at the property. The job was marked as completed on March 17, 2017. Redford has not cited any evidence to support the conclusion that Clark had an obligation to monitor, re-treat, or provide any services at the property between March 17, 2017 and March 22, 2017.

7. Next, Redford argues that Clark owes a duty under §324A(a) of the restatement because Clark increased the risk of harm, by failing to "properly treat that path for ice accumulation." [Redford Memo., p. 5]. But – as explained in the motion for summary judgment – the law is clear: the test under Section 324A(a) is whether the risk was increased over what it would have been had the defendant not engaged in any undertaking at all. *Bloom*, 2019 N.H. LEXIS 214 at *11; *see also Whippie v. Randy Loubier, LLC,* Hillsborough County Superior Court, Northern District, No. 216-2015-cv-00630 (February 7, 2017) (J. Kissinger). Other than asserting in a conclusory fashion that Clark's failure to treat the pathway increased Redford's risk, Redford does not explain how his risk was increased above what it would have been had Clark not treated the property on March 16, 2017. To defeat summary judgment using this theory of liability, Redford would have to identify something that Clark did five days before the accident that made the pathway more dangerous to Redford than it would have been if Clark had not removed the snow or salted the path. Redford has not articulated a theory of this type of wrongdoing, let alone identified any evidence sufficient to defeat summary judgment.

8. Finally, Redford asserts that:

> Mr. Clark was sent work order no. 03623655 to return to the premises after the March 13, 2017 work order. (See highlighted portion of Exhibit F, Attached hereto.).[1] Photographs taken of the same area on March 23, 2017, ostensibly by the defendant, Bruce Clark, show an appreciable accumulation of snow on the driveway in of [*sic*]the premises at issue. . . .

[Redford Memo, p. 8].

---

[1] The reference to Exhibit F appears to be a typo. Exhibit F to Redford's objection is comprised of a local climatological data chart. The reference to work order #03623655 appears in Exhibit G.

9. These claims are not supported by the record and are plainly wrong.

10. On its face, the purported "work order no. 03623655" is not a work order and does not provide any support for the contention that Clark was asked to return to the property prior to Redford's March 22, 2017 fall. [*See* Ex. G, Objection to Motion for Summary Judgment]. What Redford describes as a "work order" consists of a single page produced without context; the bottom of the document includes what appears to be a page number, indicating that it is page 7 of a longer document. [*Id.*]. The page includes three photographs, all with date stamps of 3/16/2017, as well as text that states: "Here is work order #30623655 which would be our next visit to the property on 3/23/2017 showing there was no storm after we removed the snow on the 16th. You can clearly see the ground is still clear." [*Id.*] There is no indication of who wrote the note, to whom, when, or why. [*Id.*]. The affidavit produced by Attorney Fiest describes this document as "true and accurate copies of photographs of the premises located at 66 Spruce Road, Bethlehem, New Hampshire, taken on March 23, 2017, obtained in connection with the above captioned matter." [Affidavit of James E. Fiest, ¶8].

11. To the best of undersigned counsel's knowledge, this document was part of a chain of emails exchanged between Christy Brazeau ("Brazeau") and Nicholas C. Zivkovic ("Zivkovic"). [Exhibit E, Affidavit of Clara E. Lyons; Exhibit F, Chain of Emails.] According to the emails, Brazeau works for Codefendant BLM Companies as an "HR Generalist." Zivkovic works for Hanover Insurance, which insures BLM. [Ex. F, p. 2-3].

12. The language regarding the March 23, 2017 work order is part of an email sent on August 29, 2017 by Brazeau. [Ex. F, p. 4-9]. Although the email indicates that a work order from March 23, 2017 is attached, it is not – at least to the version in undersigned counsel's possession. [Ex. E, ¶ 3; Ex. F]. Indeed, as of the filing of this reply, undersigned counsel is not in possession of any March 23, 2017 work order. [Ex. E, ¶ 4]. The email says that the March 23, 2017 work order was "our" next visit to the property. [Ex. F, p. 7]. Even with the added context of the full email chain, there is no indication clarifying who exactly Brazeau is referring to when she says "our." [*Id.*]. As alleged in the Complaint, the property was owned by HUD, managed by BLM, and A-Sons provided winter maintenance services. [Amended Complaint, ¶7-9]. Clark is not mentioned anywhere in the email. [Ex. F].

13. Regardless, the existence – or lack thereof – of a March 23, 2017 work order has no relevance whatsoever to the issues raised in the motion for summary judgment. Redford says he fell on March 22, 2017. Even if one of the codefendants issued a work order to Clark on March 23, 2017, it was issued after the accident. Accordingly, such a work order would not provide any support for the contention that Clark owed a duty at the property on the day of the accident.

14. In sum, Clark is entitled to summary judgment because Redford has not articulated a legitimate factual dispute on the dispositive issue – Clark's duty relative to the property on the day of the accident. Redford has not produced any evidence that could support the inference that Clark had an obligation either to monitor the conditions of the property or to treat accumulated ice or snow on March 22, 2017. Clark should not be compelled to defend himself when there is no

7

legitimate evidentiary basis to support the conclusion that he owed Redford a duty.

Accordingly, this case is ripe for summary judgment, and Clark should be dismissed.

WHEREFORE, the Defendant Bruce Clark, respectfully asks that this Court:

A) Grant the motion for summary judgment; and

B) Enter such other relief as is just and equitable.

Respectfully submitted,

BRUCE CLARK

By His Counsel,

GETMAN, SCHULTHESS, STEERE
& POULIN, P.A.

Dated: June 9, 2020    By: __/s/ Clara E. Lyons__
Christopher J. Poulin, Esquire (NH Bar # 12525)
Clara E. Lyons, Esquire (NH Bar #20054)
1838 Elm Street
Manchester, NH 03104
603-634-4300
cpoulin@gssp-lawyers.com
clyons@gssp-lawyers.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply to Objection to Motion for Summary Judgment has this date been served electronically by ECF upon James E. Fiest, Esquire, Michael T. McCormack, Esquire, and Lawrence B. Gormley, Esquire, counsel of record.

Dated: June 9, 2020    By: ___/s/ Clara E. Lyons___
Clara E. Lyons, Esquire (NH Bar #12525)