STATE OF NEW HAMPSHIRE

STRAFFORD COUNTY                                                                 SUPERIOR COURT

Jesse Mullen

v.

Bellamy Court Condominium, et al.

Docket No. 219-2019-CV-00177

ORDER ON DEFENDANT DURELL PAVING, INC.'S
MOTION FOR SUMMARY JUDGMENT

    The plaintiff, Jesse Mullen, brings this action for damages against defendants Bellamy Court Condominium Association ("Association") and Durell Paving, Inc. ("Durell"). Mullen claims that the defendants are liable for injuries he sustained in a December 2016 slip and fall incident at the Bellamy Court Condominium ("Condominium") in Dover. (Court index #1 (V. Compl.)). Durell has moved for summary judgment, to which Mullen objects. (Court index #11 (Durell's Mot. Summ. J.); court index #15 (Pl.'s Obj.). Both parties have submitted a variety of pleadings in support of their respective positions.[1] (Court index #12 (Durell's Mem. Supp. Mot. Summ. J.); court index #13 (Durell's Stmt. Mat. Facts); court index #16 (Pl.'s Mem. Supp. Obj.); court index #17 (Pl.'s Resp. Stmt. Mat. Facts); court index #20 (Durell's Reply)). Neither party has requested a hearing and the court finds one unnecessary. N.H. Super. Ct. R. 13(b). Based on the parties' argument by pleading, the summary judgment record, and the applicable law, the court denies Durell's motion for summary judgment, determining and ordering as follows.

BACKGROUND

    The following facts are undisputed. In December 2016, Mullen owned and occupied a unit at the Condominium. (Pl.'s Resp. Stmt. Mat. Facts ¶ 1). While walking across the parking area outside his condominium unit on December 22, 2016, he slipped on some ice, fell, and broke his leg. (Id. ¶¶ 11–12). At the time, Durell was under contract with the Association to provide certain winter maintenance services at the Condominium ("Snowplow Contract"). (Id. ¶¶ 3–4). These services included "scraping down" the parking areas after each snowfall and, at the Association's request, providing "[s]alt/[s]and services" for an additional charge. (Id. ¶ 4)

---

[1] The Association did not file any pleading in response to Durell's motion.

1

Based on the December 2016 slip and fall incident, Mullen filed a five-count complaint against the defendants. In addition to bringing claims against the Association for negligence (Count I), vicarious liability (Count II), breach of contract (Count IV), and violation of RSA 356-B (Count V), Mullen also asserted a single claim against Durell for negligence (Count III). Durell now moves for summary judgment in its favor on Count III on the ground that it did not owe Mullen a duty of care. (Durell's Mot. Summ. J. ¶¶ 6–10).

LEGAL STANDARD

"The mission of the summary judgment procedure is to pierce the pleadings and assess the proof in order to determine if there is a genuine issue of material fact requiring a formal trial of the action." Weaver v. Stewart, 169 N.H. 420, 425 (2016) (quotation omitted). As such, the moving party bears the burden of showing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. RSA 491:8-a, III; Concord Group Ins. Cos. v. Sleeper, 135 N.H. 67, 69 (1991). After the parties have put forth their proof, the Court reviews the record in the light most favorable to the non-moving party to determine whether a genuine dispute of fact exists. Carleton v. Edgewood Heights Condo. Owners' Ass'n, 156 N.H. 407, 408 (2007). If the record reveals any reasonable basis to dispute the moving party's evidence or if the moving party is not entitled to judgment as a matter of law, summary judgment must be denied. Iannelli v. Burger King Corp., 145 N.H. 190, 193 (2000).

ANALYSIS

"Claims for negligence rest primarily upon a violation of some duty owed by the offender to the injured party." Walls v. Oxford Management Company, 137 N.H. 653, 656 (1993). Thus, "[a]bsent the existence of a duty, a defendant cannot be liable for negligence." Carignan v. N.H. Int'l Speedway, 151 N.H. 409, 412 (2004). "Whether a duty exists in a particular case is a question of law." Grady v. Jones Lang Lasalle Constr. Co., 171 N.H. 203, 207 (2018).

Generally, one has a duty to exercise reasonable care to protect others against foreseeable risks of harm created by one's own actions. See Coan v. N.H. Dep't of Env't Servs., 161 N.H. 1, 8 (2010). Under limited circumstances, an individual may have a duty to protect another from other risks of harm as well. See id. For instance, when an individual contracts to provide a service that a reasonable person would recognize as necessary to protect another, the individual voluntarily assumes a duty to the other to perform its contractual undertaking with reasonable care. See Bloom v. Casella Construction, __ N.H. __, __ (decided Oct. 16, 2019) (slip. op. at 5–

7) (citing RESTATEMENT (SECOND) OF TORTS § 324A (1965)); Walls, 137 N.H. at 656 (citing RESTATEMENT (SECOND) OF TORTS, supra § 323). Based on this general principle, one who contracts with another to provide a service that is necessary to protect a third-party may be liable to the third-party for a failure to perform the undertaking with reasonable care. See, e.g., Vandemark v. McDonald's Corp., 153 N.H. 753, 757 (2006) (noting that breach of a voluntarily assumed duty to protect others from criminal attack "can create liability to third parties as well"); Corson v. Liberty Mut. Ins. Co., 110 N.H. 210, 212–14 (1970) (explaining that employer's insurer assumed a duty to employer's employee when it voluntarily undertook to conduct safety inspections of the employer's industrial machinery).

Notably, the New Hampshire Supreme Court recently applied this principle to a claim against a winter maintenance contractor in Bloom. The plaintiff in Bloom was injured when she slipped and fell on ice in a hospital parking lot. Bloom, __ N.H. at __ (slip op. at 1–2). She later sued the company that had contracted with the hospital to provide certain winter maintenance services. Id. The trial court granted summary judgment to the contractor on the grounds that the contractor did not have a duty to the plaintiff. Id. at __ (slip op. at 2). The Bloom court reversed. In doing so, it concluded that New Hampshire law governing a winter maintenance contractor's liability to third parties "is consistent with" Section 324A of the RESTATEMENT (SECOND) OF TORTS. Id. at __ (slip op. at 5). Section 324A provides as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> > (a) his failure to exercise reasonable care increases the risk of such harm, or
> >
> > (b) he has undertaken to perform a duty owed by the other to the third person, or
> >
> > (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

RESTATEMENT (SECOND) OF TORTS, supra § 324A.

Turning to the case before the court, Durell appears to argue that it did not have a duty to Mullen for two reasons: (1) there was no privity of contract between Durell and Mullen; and (2) Durell did not otherwise have a duty to treat or remove the ice that Mullen slipped on based on the Snowplow Contract. The court addresses these arguments in turn.

3

I. Privity of Contract

Although not its primary argument, at times Durell seems to suggest that it did not owe any duty to Mullen because Mullen was not a party to the Snowplowing Contract. (See Durell's Mot. Summ. J. ¶¶ 9–10; Durell's Mem. Supp. Mot. Summ. J. at 5–6). For instance, at one point Durell states that "a plaintiff whose negligence action is based upon the theory of a duty owed by the defendant as a result of a contract cannot establish that the defendant has breached a duty owed to him unless he is a party to the contract." (Durell's Mot. Summ. J. ¶ 9; Durell's Mem. Supp. Mot. Summ. J. at 5–6). Likewise, at another point Durell asserts that "where the plaintiff was not in privity of contract, Durell did not owe a duty to the plaintiff." (Durell's Mot. Summ. J. ¶ 10; Durell's Mem. Supp. Mot. Summ. J. at 8).

To the extent Durell contends that it did not owe Mullen a duty because there was no contractual privity between the parties, the court disagrees. On the one hand, Durell correctly notes that in Sisson v. Jankowski our Supreme Court stated that "[w]hile a contract may supply the relationship [out of which a duty arises], ordinarily the scope of the duty is limited to those in privity of contract with one another." 148 N.H. 503, 505 (2002). However, the Sisson court further explained that "in limited circumstances, [we have] recognized exceptions to the privity requirement where necessary to protect against reasonably foreseeable harm." Id. As Bloom and Section 324A of the RESTATEMENT (SECOND) OF TORTS make clear, one circumstance that calls for an exception to the privity requirement is when a contractor undertakes a service that it should realize is necessary to protect third parties. Bloom further indicates that winter maintenance services are generally one such service. Accordingly, where Durell was under contract with the Association to provide certain winter maintenance services at the Condominium, it is not entitled to summary judgment simply because Mullen may not have been a party to the Snowplowing Contract.

II. Duty to Treat or Remove Ice

Durell's main argument is that it did not have a duty to treat or remove the ice Mullen slipped on based on the Snowplow Contract. Specifically, Durell contends that it did not have a contractual duty to remediate the icy conditions in the parking area because the Association had not requested sand/salt services in accordance with the Snowplow Contract. (Def.'s Mot. Summ. J. ¶ 10; Def.'s Mem. Supp. Mot. Summ. J. at 6, 8). In other words, "[Mullen's] allegation is that

4

he fell on ice" and "[p]ursuant to the [Snowplow Contract], Durell was not responsible for ice treatment." (Def.'s Mem. Supp. Mot. Summ. J. at 6).

In making this argument, Durell presumes that Mullen's claim is based on Durell's failure to provide ice treatment services like sanding or salting. However, this characterizes Mullen's theory of liability too narrowly. Even though Mullen slipped on ice, his claim is not necessarily based on Durell having assumed a duty to undertake ice treatment services. Instead, his complaint fairly suggests that Durell negligently caused the icy conditions to form by failing to exercise reasonable care in clearing snow from the parking lot in accordance with the Snowplow Contract.

For instance, Mullen's complaint indicates that Durell failed to prevent "water and/or snow from accumulating onto the premises, which allowed ice and/or icy water to form in the parking area . . . ." (V. Compl. ¶¶ 34–35) (emphasis added). Further, although it is undisputed that Mullen slipped on ice, he also repeatedly asserts that both snow and ice had accumulated in the parking area and that he slipped on snow as well as ice. (Id. ¶¶ 9 ("accumulated ice and/or snow"), 15 ("snow and/or ice which had been allowed to build up"), 18 ("an accumulation of ice and snow was permitted to build up"), 20 ("accumulation of snow and ice"), 26 ("buildup of ice and snow was permitted to accumulate"), 28 ("buildup of ice and/or snow was allowed to accumulate"), 42 ("accumulation of ice and/or snow")). It is reasonable to infer that Mullen is asserting that if Durell failed to remove snow from the parking area, that snow transformed into ice upon melting and refreezing. See, e.g., Brown v. Casey's Retail Company, No. A18-0163, 2018 WL 3966399, at *3 (Minn. Ct. App. Aug. 20, 2018) ("It is common knowledge in Minnesota that snow and ice frequently melts and re-freezes . . . [and that] allowing ice and snow to accumulate for a length of time may cause the formation of slippery and dangerous ridges, depressions, hummocks, and irregularities."); Johnson v. National Super Markets, Inc., 630 N.E.2d 934, 938–39 (Ill. App. Ct. 1994) ("[W]e believe that it is within common knowledge that if the sun shines, snow will melt . . . and if the temperature drops, it will refreeze . . .").

For these reasons, Mullen's complaint fairly suggests that the icy conditions existed because snow had been allowed to accumulate in the parking lot. See Toy v. City of Rochester, 172 N.H. 443, 448 (2019) (explaining that under New Hampshire's liberal notice pleading standards, "[a] complaint need not do more than state the general character of the action and put both the court and counsel on notice of the nature of the controversy") (internal quotation

omitted). Accordingly, one viable theory raised in Count III is that Durell negligently caused Mullen's injuries by failing to exercise reasonable care in plowing the parking lot pursuant to the Snowplow Contract. Cf. Mickens v. CPS Chicago Parking, LLC, 131 N.E.3d 1158, 1172–1176 (Ill. App. Ct. 2019) (explaining that "a snow-removal contractor's failure to remove naturally accumulating snow or ice after promising to do so, leading to a third person's injury, could result in the contractor's liability to that third person" under Section 324A); Santolucito et al. v. Demoulas Super Markets, Inc. et al., No. MICV200800610F, 2012 WL 5569634, at *3 (Mass. Super. Oct. 10, 2012) (denying snowplow contractor's summary judgment motion where "[a] jury could find that it was unreasonable for [the snowplow contractor] to create these icy conditions and do nothing about them, thus finding [the contractor] negligent without even reaching the issue of applying sand or salt"); Muskett v. Grand Prix Floating Lessee, LLC, No. 297953, 2012 WL 2402639, at *2 (Mich. App. Ct. June 26, 2012) (unpublished opinion) (holding that claim against snowplow contractor could be maintained where contractor "had a duty to use due care in providing [snow removal services]" and where plaintiff alleged that contractor "negligently plowed the snow, causing it to thaw and refreeze, which caused black ice to form"). As such, even if it did not have a duty to provide ice treatment services, Durell is not entitled to judgment as a matter of law because Mullen's claim is based on Durell's duty to exercise reasonable care in plowing the parking area in accordance with the Snowplow Contract.

As a final matter, the court notes that discovery in this case is ongoing. (See e.g. Pl.'s Obj. ¶ 5; Pl.'s Mem. Supp. Obj. at 3–4, 8–9). If upon completion of discovery there is no evidentiary basis for Mullen's claim that Durell caused the icy conditions to form by failing to exercise reasonable care in plowing the parking area, Durell may move for summary judgment on such grounds at that stage.

CONCLUSION

For the reasons stated herein, Durell's motion for summary judgment is denied.
So Ordered.

May 13, 2020

Steven M. Houran
Presiding Justice

Clerk's Notice of Decision
Document Sent to Parties
on  05/14/2020