UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jay Redford

    v.                                        Civil No. 19-cv-1152-LM
                                            Opinion No. 2020 DNH 178 P

BLM Companies, LLC, et al.

O R D E R

This case arises from injuries plaintiff allegedly sustained when he slipped and fell on property owned by the United States Department of Housing and Urban Development ("HUD"). In both his original and first amended complaint, plaintiff sued HUD under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., and brought state law negligence claims against HUD's subcontractors. Jurisdiction over the FTCA claim was premised upon 28 U.S.C. §§1331 and 1346(b), and jurisdiction over the state law claims was premised upon 28 U.S.C. § 1367.

The court dismissed plaintiff's FTCA claim on August 10, 2020 and directed him to show cause why his supplemental state law claims should not also be dismissed. Doc. no. 50. In response, plaintiff filed an assented-to motion seeking to amend his complaint to proceed under diversity jurisdiction. See 28 U.S.C. § 1332; doc. no. 52. Plaintiff argued in his motion that all the facts necessary to establish the diversity of the parties were already in his complaint. In an endorsed order, the court granted plaintiff's motion "to the extent the motion requests leave to file an amended complaint to allege facts sufficient to establish diversity jurisdiction over

the state law claims." Plaintiff thereafter filed a second amended complaint. The court must now determine whether plaintiff has alleged facts sufficient to show diversity jurisdiction.

Diversity jurisdiction requires complete diversity of citizenship between the plaintiffs and defendants. See 28 U.S.C. § 1332(a)(1); Piccioto v. Continental Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008). Here, plaintiff named four defendants in his second amended complaint: BLM Companies, LLC ("BLM"); Northsight Property, LLC ("Northsight"); A-Son's Construction, Inc. ("A-Son's"); and Bruce Clark. For diversity purposes, a limited liability company ("LLC"), like BLM and Northsight, is deemed to be a citizen of every state of which any of its members is a citizen. See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrohtra, 661 F.3d 124, 125 (1st Cir. 2011). A corporation, such as A-Son's, is deemed to be a citizen of both its state of incorporation and the state in which it has its principal place of business. Wachovia Bank v. Schimdt, 546 U.S. 303, 306 (2006). For natural persons, like plaintiff and Clark—as well as any natural persons who are members of an LLC, and whose citizenship therefore determines the LLC's citizenship—citizenship is determined by domicile. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 929 (1989); accord Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008).

"A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Padilla-Mangual, 516 F.3d at 31 (quotation omitted). "Proving domicile requires two showings: (1) physical presence in a place, and (2) the intent

to make that place one's home." Aponte-Davila v. Munic. of Caguas, 828 F.3d 40, 46 (1st Cir. 2016). "Necessarily then, domicile and residence are not the same thing," id., and "a statement that [a] party is a 'resident' of a particular state or foreign country has been held by a number of courts not to be sufficient," 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1208 (3d ed.). This is the law in the First Circuit. See Garcia v. Bernabe, 288 F.2d 60, 61 (1st Cir. 1961); Gans v. Gant, No. 12-cv-279-SM, 2013 WL 3354436, at *3 (D.N.H. July 3, 2013).

The party invoking the court's jurisdiction has the burden of alleging facts sufficient to support a conclusion that jurisdiction exists. See Gans, 2013 WL 3354436, at *3. Here, the allegations in plaintiff's second amended complaint cannot support a conclusion that there is diversity of citizenship. The second amended complaint states that plaintiff "resides" in New Hampshire, and that defendant Bruce Clark "resides" in Vermont. Doc. no. 53 ¶¶ 3, 9. "Mere allegations of residency, rather than citizenship, are insufficient to invoke this court's diversity jurisdiction." Gans, 2013 WL 3354436, at *3; see Aponte-Davila, 828 F.3d at 46; Garcia, 288 F.2d at 61. As to the LLC defendants, the second amended complaint states that "the sole member of BLM Companies LLC is Brent Martin, 2038 S. Great Basin Drive, St. George, UT 84780," and that "the members of Northsight Property, LLC are: Robert Chase, 13860 N. Northsight Blvd. Scottsdale AZ[,] 85260, and Kimberly A. Chase, 13860 N. Northsight Blvd. Scottsdale, AZ[,] 85260." Id. ¶¶ 5, 7. However, these allegations cannot support a conclusion that Martin is a citizen

of Utah, or that Mr. and Ms. Chase are citizens of Arizona. See, e.g., Aponte-Davila, 828 F.3d at 46.

Accordingly, plaintiff's second amended complaint does not allege facts sufficient to demonstrate that the court has diversity jurisdiction over his claims. Plaintiff shall file an affidavit of jurisdictional facts no later than October 21, 2020. The affidavit must set forth sufficient facts for the court to determine the domiciles of plaintiff, Clark, and all members of BLM and Northsight, as of the date this action was filed. If the affidavit does not do so, this case will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 7, 2020

cc: James E. Fiest, Esq.
    Lawrence B. Gormley, Esq.
    Clara E. Lyons, Esq.
    Michael T. McCormack, Esq.
    Christopher J. Poulin, Esq.