UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jay Redford

    v.                                                                 Civil No. 19-cv-1152-LM
                                                                           Opinion No. 2020 DNH 189 P

BLM Companies, LLC, et al.

**O R D E R**

Plaintiff Jay Redford slipped and fell on ice in March of 2017. He brings state law negligence claims against four defendants: BLM Companies, LLC ("BLM"); Northsight Property, LLC ("Northsight"); A-Son's Construction, Inc. ("A-Son's"); and Bruce Clark. Clark, who subcontracted to perform snow removal and deicing services at the property where plaintiff fell, moves for summary judgment on the ground that he owed no duty of care to plaintiff. Doc. no. 39. Because the court concludes that Clark owed plaintiff such a duty, the motion is denied.

**STANDARD OF REVIEW**

A movant is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the record, all facts and reasonable inferences are construed in the light most favorable to the nonmovant. Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013).

## BACKGROUND

The following facts are drawn from the record or are undisputed. On the morning of March 22, 2017, Gillian Scrimmer knocked on the front door of plaintiff's home in Bethlehem, New Hampshire.[1] Scrimmer was thinking of purchasing a neighboring property at 66 Spruce Road, but the driveway of that property had not been plowed and her car had become stuck in snow. Plaintiff offered to help. He put on his boots, grabbed a bucket of sand, and walked over to 66 Spruce Road with Scrimmer.

When plaintiff arrived, he began shoveling the area behind Scrimmer's front tires, laid down sand, and offered Scrimmer some pointers on rocking the car free. After some effort, they were able to free her car. However, when plaintiff walked to the side of the driveway, near where a snowblown walking path connected the house and driveway, he slipped backwards and fell. He felt something pop in his right knee, as well as pain and a burning sensation. Plaintiff was unable to get up, so Scrimmer called an ambulance.

At the time of plaintiff's fall, the United States Department of Housing and Urban Development ("HUD") owned the property at 66 Spruce Road. HUD contracted with BLM to manage the property, and BLM subcontracted with A-Son's to provide winter maintenance services. A-Son's further subcontracted with Clark to provide snow removal and deicing services at the property.

---

[1] Scrimmer is not a party to this action.

Plaintiff brought suit against HUD, BLM, Northsight, and Clark.[2] Invoking federal question jurisdiction, plaintiff sued HUD under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq., and brought supplemental state law negligence claims against BLM, Northsight, and Clark. See 28 U.S.C. §§ 1331, 1367. This court dismissed the FTCA claim upon HUD's motion and directed plaintiff to show cause why his supplemental state law claims should not also be dismissed. Doc. no. 50. With leave of court, plaintiff then amended his complaint to premise his state law claims on diversity jurisdiction. See 28 U.S.C. § 1332.

Clark now moves for summary judgment. He argues that he was an independent contractor who only accepted discrete assignments from A-Son's to perform snow removal and deicing services at 66 Spruce Road. Clark contends that, because he had no ongoing contractual obligation to render snow removal and deicing services at the property, and because he had not been specifically assigned to perform those services on the day plaintiff fell, he owed the plaintiff no duty of

---

[2] The respective statuses of Northsight and A-Son's in this litigation are somewhat convoluted. According to A-Son's answer to plaintiff's first amended complaint it is now a defunct entity. Doc. no. 30. Plaintiff's original complaint did not name A-Son's as a defendant; instead, it named "Northsight Property, LLC d/b/a A-Son's Construction, Inc." as the entity that contracted with BLM to provide winter maintenance services at 66 Spruce Road. Doc. no. 1. Counsel for BLM and Northsight apparently informed plaintiff at some point after the original complaint was filed that Northsight was not doing business as A-Son's, but rather, the two were separate entities. Doc. no. 25. A-Son's was the company contracted to provide winter maintenance services at 66 Spruce Road as of March 2017, but the company sold its assets to Northsight sometime after plaintiff's fall. Id. Although the court issued an endorsed order granting the plaintiff's assented-to motion to "substitute" A-Son's as a defendant, id., the operative complaint before the court now brings negligence claims against four defendants: BLM, Northsight, A-Son's, and Clark, doc. no. 53.

3

care at the time of his fall. Thus, Clark submits, he cannot be held liable in negligence.

For the reasons discussed below, Clark is incorrect.

## DISCUSSION

I. Clark Owed Plaintiff a Duty Under the Framework Adopted by the New Hampshire Supreme Court in *Bloom v. Casella Construction, Inc.*

To recover for negligence under New Hampshire law, "a plaintiff must show that the defendant owes a duty to the plaintiff and that the defendant's breach of that duty caused the plaintiff's injuries." Christen v. Fiesta Shows, Inc., 170 N.H. 372, 375 (2017). If the defendant owed no duty to the plaintiff, he cannot be held liable in negligence. Lahm v. Farrington, 166 N.H. 146, 149 (2014). "Whether a duty exists in a particular case is a question of law." Bloom v. Casella Constr., Inc., 172 N.H. 625, 627 (2019).

Generally, a duty arises from a relationship between the plaintiff and defendant. Sisson v. Jankowski, 148 N.H. 503, 505 (2002); see, e.g., Marquay v. Eno, 139 N.H. 708, 717 (1995). "While a contract may supply the relationship," the duty will ordinarily extend only to parties to the contract and those in privity with a party. Bloom, 172 N.H. at 627.

Here, Clark acknowledges he had an "arrangement" with A-Son's in March of 2017, pursuant to which A-Son's would issue him a work order whenever the company wanted him to perform snow removal, salting, or sanding at 66 Spruce Road. Doc. 39-2 ¶¶ 2-3. A-Son's issued Clark a work order for 66 Spruce Road on

4

March 13, 2017, requiring him to remove snow "from driveways, walkways, and front porches." Doc. no. 39-3. The work order also instructed Clark to apply salt "to all walkways, driveways," and other areas "that snow was removed from" in order to "combat icing." Id. The work order was marked completed on March 17.

In light of the foregoing, as well as Clark's acknowledgement in his summary judgment motion that the "March 13, 2017 work order . . . obligated him to report to the property . . . to remove snow and put down salt," doc. no. 39-1 ¶ 45, the court concludes that Clark had a contract with A-Son's to perform snow removal and deicing services at 66 Spruce Road. See, e.g., Int'l Bus. Mach. Corp. v. Khoury, 170 N.H. 492, 500 (2017) (summarizing the requirements for contract formation under New Hampshire law). That contract was in existence from, at a minimum, March 13, 2017, through March 17, 2017.

However, plaintiff was not a party to the contract and is not in privity with anyone who was. Nor is he an intended beneficiary to whom Clark would owe a duty of care. See Spherex, Inc. v. Alexander Grant & Co., 122 N.H. 898, 903 (1982) (explaining that a "third-party beneficiary relationship exists if the contract is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of his making the contract," and noting that "a promisor owes [a duty] to an intended third-party beneficiary." (quotation, brackets, and ellipsis omitted)). Thus, under New Hampshire's traditional rule—that a duty arises from a contract only between

5

parties to the contract and those in privity with a party—Clark owed plaintiff no duty. See Bloom, 172 N.H. at 627.

Despite the traditional rule, the extent to which persons who agree to provide snow removal services at a property owe a duty of care to those who visit the property has been the subject of a recent spate of litigation in New Hampshire courts.[3] Although this area of law appears to be in flux, see supra n.2, the New Hampshire Supreme Court recently provided a measure of clarity in Bloom.

There, the plaintiff slipped and fell on ice in her employer's parking lot. See Bloom, 172 N.H. at 626. She alleged that no sand or ice melt had been applied to the lot, even though it had snowed the night before and some of the snow had melted and refrozen. Id. She sued Casella Construction, Inc. ("Casella"), who had a contract with the employer to provide snow removal services on the employer's property, claiming negligence. See id. Casella moved for summary judgment on the theory that it owed no duty to the plaintiff. Id. at 627. The trial court granted summary judgment on that theory, but the Supreme Court reversed. See id. at 627, 629-31.

---

[3] See, e.g., Bloom, 172 N.H. at 627-31; Mullen v. Bellamy Ct. Condo., No. 219-2019-CV-177, at 4-6 (Strafford Cnty. Super. Ct. May 13, 2020) (doc. no. 47-1); Gray v. Bolduc & Charles Bolduc Excavation, LLC, No. 218-2018-CV-67, at 7-9 (Rockingham Cnty. Super. Ct. Mar. 11, 2020) (doc. no. 48-2); see also Shepard v. Keskinen, No. 2016-CV-567, at 1-3 & n.1 (S.D. Hillsborough Cnty. Super. Ct. May 9, 2017) (doc. no. 43-10) (collecting eleven additional New Hampshire Superior Court orders on this issue).

In reversing, the Court explained that Section 324A of the Restatement (Second) of Torts stated the proper "analysis [for] whether liability exists in these circumstances."[4] Id. at 629. Section 324A provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> > (a) his failure to exercise reasonable care increases the risk of such harm, or
> > (b) he has undertaken to perform a duty owed by the other to the third person, or
> > (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A.

Although the Bloom Court found subsections (a) and (c) inapplicable based on the summary judgment record and the lack of any allegation from the plaintiff that she relied on Casella's undertaking, the Court held that Casella owed the plaintiff a duty of care under subsection (b). See Bloom, 172 N.H. at 630-31. By contracting with the employer "to render snowplowing services for specific areas of [the employer's] property," Casella "'undertook to perform a duty owed by' [the employer] to the plaintiff." Id. (quoting Restatement (Second) of Torts § 324A(b)) (brackets omitted). Thus, the trial court erred by granting summary judgment to Casella on the theory that it owed no duty of care to the plaintiff. See id.

---

[4] In prior cases, the Court had "referenced" § 324A but had not authoritatively stated that it accurately reflected New Hampshire law. Bloom, 172 N.H. at 629; see, e.g., Grady v. Jones Lang LaSalle Constr. Co., 171 N.H. 203, 211 (2018).

Implicit in Bloom's analysis is a recognition that property owners and occupiers have a duty under New Hampshire common law to exercise reasonable care in the maintenance of their property. See Bloom, 172 N.H. at 630-31; Kellner v. Lowney, 145 N.H. 195, 197 (2000). Here, Clark undertook to perform part of that duty. He agreed to provide snow removal, salting, and sanding services for the driveways and walkways of 66 Spruce Road from, at a minimum, March 13, 2017, through March 17, 2017. In so doing, he undertook to perform part of the common law duty of reasonable maintenance, just as Casella did in Bloom. See Bloom, 172 N.H. at 630-31; Canipe v. Nat'l Loss Control Serv. Corp., 736 F.2d 1055, 1062-63, 1063 n.11 (5th Cir. 1984) (explaining that subsection (b) applies when "the party who owes the plaintiff a duty of care has delegated to the defendant any particular part of that duty" and collecting cases so holding) (cited with approval in Bloom, 172 N.H. at 631). Thus, Clark owed plaintiff a duty of care, see Bloom, 172 N.H. at 630-31, and plaintiff may properly seek to hold Clark liable for "physical harm resulting from [Clark's] failure to exercise reasonable care" in the discharge of that duty, Restatement (Second) of Torts § 324A.

II.  There is a Genuine and Material Dispute as to Whether Clark Exercised Reasonable Care in Performing his Duty

Clark makes much of the fact that he had not been contracted to render snow removal and deicing services at 66 Spruce Street as of the day of plaintiff's fall, March 22. Even assuming Clark's duty stemming from his acceptance of the March

8

13 work order was extinguished by March 22, a genuine dispute exists at this time[5] as to whether Clark failed to exercise reasonable care in performing snow removal and deicing services from March 13 through March 17 in a manner that resulted in plaintiff's injury on March 22.

In responses to interrogatories, plaintiff states that he was injured when he fell on or near a path alongside the driveway of 66 Spruce Road. See doc. no. 43-6. It appeared to plaintiff that the path had been snowblown at some point prior to his arrival; however, the path had not been treated for ice. As a result, "the base of the path was solid ice," which caused plaintiff to fall. Id. The driveway where plaintiff had been working to free Scrimmer's car, however, was not icy because it was covered in snow. There was no bare ground for ice to form on. Although Clark states in an affidavit attached to his summary judgment motion that he applied salt as directed in the March 13 work order, Plaintiff's interrogatory responses create a dispute as to whether Clark unreasonably failed to apply salt and/or sand to the area plaintiff fell in completing that work order.

In addition, Clark has produced photographs he states were taken when he performed snow removal and deicing services at 66 Spruce Road pursuant to the March 13 work order. See doc. no. 39-5. Although these photographs depict a person snowblowing and salting a path connecting a driveway to a building bearing a "66" marking, these photographs do not depict salt being applied to the area of the

---

[5] Discovery is currently ongoing and is scheduled to continue until February 2021. See doc. nos. 32 & 37.

snowblown path immediately adjacent to the driveway. That is the area where plaintiff claims he fell.

## CONCLUSION

In light of the evidence in the summary judgment record, viewed in the light most favorable to plaintiff, the court concludes that there is currently a genuine and material dispute as to whether Clark failed to exercise reasonable care in discharging his duty in a manner that resulted in injury to plaintiff. Thus, Clark has failed to demonstrate that he is entitled to judgment as a matter of law. His motion for summary judgment is therefore denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 28, 2020

cc: Counsel of Record.