UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jay Redford</u>

    v.                                                        Civil No. 19-cv-1152-LM
                                                                Opinion No. 2020 DNH 200 P

<u>BLM Companies, LLC, et al.</u>

## O R D E R

Presently before the court in this state law negligence action is defendant Bruce Clark's motion for reconsideration (doc. no. 59) of this court's order (doc. no. 57) denying his motion for summary judgment (doc. no. 39). Clark argues that the court committed manifest error in holding that he owed plaintiff Jay Redford a duty of care because he undertook to render snow removal and deicing services at the property where Redford fell, and committed further manifest error in concluding that a genuine dispute exists as to whether Clark failed to exercise reasonable care in performing his duty. Clark's motion is denied.

## STANDARD OF REVIEW

A party moving for reconsideration of an order must "demonstrate that the order was based on a manifest error of fact or law." LR 7.2(d). "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was

based on a manifest error of law or was clearly unjust." Dionne v. Fed. Nat'l Morg. Ass'n, 110 F. Supp. 3d 338, 341 (D.N.H. 2015) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)).

## DISCUSSION

Clark argues that this court committed manifest error of law in misinterpreting the New Hampshire Supreme Court's holding in Bloom v. Casella Construction, Inc., 172 N.H. 625 (2019). Clark argues that, in Bloom, the New Hampshire Supreme Court "denied summary judgment because . . . the Court could not determine whether a duty existed." Doc. no. 59 ¶ 3.

Clark misreads Bloom. The Supreme Court clearly held that Casella owed plaintiff a duty under § 324A(b) of the Restatement (Second) of Torts. See Bloom, 172 N.H. at 630 ("To the extent the trial court reasoned that there is no duty under subsection (b) . . . we disagree."). Although the Supreme Court concluded there remained a genuine issue as to the precise scope of Casella's duty, the Court plainly held that, because "Casella contracted with [the property owner] to render snowplowing services for specific areas of [the] property," it owed plaintiff a duty under § 324A(b). Id. at 630-31. Indeed, Clark seems to concede that "he had a duty to report to the property once to plow, remove snow and walkways and front porches, and apply salt to walkways and the driveway." Doc. no. 59 ¶ 6 (emphasis omitted). Thus, Clark has failed to demonstrate that this court's conclusion that he

owed Redford a duty of care is "based on a manifest error of law." Dionne, 110 F. Supp. 3d at 341.

Clark further argues, citing New Hampshire Rule of Evidence 401, that reconsideration is warranted because evidence that Redford slipped and fell on ice in the days after Clark rendered snow and ice removal services on the property "lacks reasonable temporal proximity to Clark's work to be relevant" to whether he exercised due care in performing those services.  Doc. no. 59 ¶ 8.  The court concludes otherwise.  The existence of an icy walkway mere days after Clark performed deicing services has a "tendency" to show that Clark failed to exercise due care.  Fed. R. Ev. 401; see Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1, 8 (1st Cir. 2011).  Finding no manifest error of law or clear injustice in light of this argument, the court declines to reconsider its order.  See Dionne, 110 F. Supp. 3d at 341.

## CONCLUSION

For the reasons stated herein, Clark's motion for reconsideration (doc. no. 59) is DENIED.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 19, 2020
cc:  Counsel of Record